# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INCEPTION MINING, INC., a Nevada company,<br><br>Plaintiff,<br><br>v.<br><br>MOTHER LODE MINING, INC., a Canadian company, and ROBERT SALNA, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [13] MOTION FOR ALTERNATIVE SERVICE UNDER RULE 4(f)(3)<br><br>Case No. 2:24-cv-00171-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Inception Mining, Inc.'s (Plaintiff) ex parte Motion for Alternative Service (Motion) (ECF 13). Plaintiff seeks to serve Defendants Mother Lode Mining, Inc. (MLM) and Robert Salna (Salna) (collectively, Defendants) via two email addresses and by way of mailing a letter to an address where Salna resides. Pursuant to Federal Rule of Civil Procedure 4(f)(3),[1] Plaintiff requests alternative service solely through MLM's principal Salna. As set forth below, the court GRANTS the Motion.

## BACKGROUND

This is a breach of contract and unjust enrichment action against Defendants for alleged nonpayment regarding the sale of stock by Plaintiff to Defendants (ECF 2 at 1). Plaintiff is a Nevada corporation with its principal place of business in Salt Lake County, Utah (*id.*). Plaintiff asserts that MLM is a Canadian corporation with its principal place of business in Ontario, Canada, and Salna is a citizen of Ontario, Canada (*id.* at 1–2).

---

[1] The court notes the Motion initially indicates it is filed pursuant to the Utah Rules of Civil Procedure, but the Motion does address the correct standard under the Federal Rules of Civil Procedure (ECF 13 at 1-2).

Plaintiff claims it has attempted service on multiple occasions with no success in Alaska and Canada, including at a confirmed address in Canada where Salna resides, but Salna refused to permit the process server access to the building (ECF 13 at 2, 4). Plaintiff now seeks alternative service declaring that it is "confident that Salna, individually and as principal of MLM, will receive adequate notice of this action and Plaintiff's claims against Defendants by sending Plaintiff's Complaint and Summons to him via international postal mail with tracking and e-mail" (*id.* at 4).

## LEGAL STANDARDS

The purpose of the Hague Service Convention is to "simplify, standardize, and generally improve the process of serving documents abroad." *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293 (10th Cir. 2020) (quoting *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017)). "[P]rovided the State of destination does not object, the [Hague Service] Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad, or with the freedom of certain individuals to effect service of judicial documents directly through judicial officers, officials or other competent persons in the State of destination." *Id.* (quoting 20 U.S.T. 361, art. 10(a)–(c)).

Evaluating alternative service under the Hague Service Convention requires the court to examine Rule 4 of the Federal Rule of Civil Procedure. *Id.* Federal Rule of Civil Procedure 4(h)(2) states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Unless there is an internationally agreed means of service, an individual in a foreign country may be served under either Rule 4(f)(2) or 4(f)(3). *Id.* R. 4(f).

Courts have concluded that Rule 4(f) does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3). *Love-Less Ash Co. v. Asia P. Constr., LLC*, No. 2:18-CV-00595-CW-DAO, 2021 WL 3679971, at *2 (D. Utah Aug. 19, 2021) (citing *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d

2

1007, 1015 (9th Cir. 2002)). Subsection (f)(3) permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props*, 284 F.3d at 1015. Regarding the first requirement for service under Rule 4(f)(3), the Supreme Court holds that due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Ultimately, and in compliance with international agreement, the decision to order service of process under Rule 4(f)(3) is "committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

## DISCUSSION

Plaintiff asks the court to permit alternative service of the complaint and summons to Salna via "e-mail and postal mail" (ECF 13 at 4). Plaintiff states that it has "attempted service on MLM and Salna multiple times in Canada and Alaska with no success" (*id.* at 2). Plaintiff further contends that it found "another address for Salna and MLM in Canada" and since attempted to serve Salna through a Canadian process server (*id.*). Plaintiff asserts that despite the process server's confirmation that Salna lives at the Canadian address and "spoke to [Salna] twice on the phone including while at the entrance lobby of his condominium complex while he was upstairs in his unit," Salna "refused to permit the process server up to his unit and instructed security to bar the process server entry as well" (*id.*; s*ee* Ex. A, at 2–3). Plaintiff further asserts that it has "been in contact with Salna and MLM, through Salna as its principle [sic], at the following email addresses: robertsalna@me.com; rpsalna@hotmail.com" (ECF 13 at 2).

3

First, service of process through email meets the first requirement of Rule 4(f)(3) because it comports with constitutional notions of due process. Courts have previously allowed service by email. *See Blackbird Capital LLC v. Worth Group Capital, LLC*, No. 2:21-CV-00037, 2022 WL 464234 (D. Utah Feb. 15, 2022) (permitting service by email on defendant who was believed to be located in Canada). Additionally, service to the principal of a business is a method reasonably calculated to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314; *see also Aplion Holdings v. Diversity Wound Solutions*, No. 2:20-cv-00139 (D. Utah Apr. 27, 2020), ECF 7 at 2 (finding email service through principal to be an appropriate means of alternative service).

Here, as alleged in Plaintiff's Motion, service cannot be properly effectuated due to Salna's alleged avoidance of service (ECF 13, Ex. A, at 3). In *Blackbird Capital*, the court found service to defendant's email proper when plaintiff believed defendant was "avoiding service" and plaintiff had previously communicated with defendant through "email address in the past." *Id.* at *1–2. In the present case, the court has reason to believe Salna is avoiding service, and Plaintiff has previously communicated with Salna as principal via email, (ECF 13 at 2), making email the next best method reasonably calculated to provide all Defendants with notice of this action and an opportunity to respond.

Second, service of process via email also satisfies the second requirement of Rule 4(f)(3) because the method of alternative email service requested by Plaintiff is not prohibited by international agreement. Plaintiff indicates that "Canada—and specifically Ontario, the province in which Salna resides and MLM is located—does not prohibit service of legal process via email or through the postal service" (ECF 13 at 3). Indeed, Canada is a "signator[y] to the Hague Convention," which "does not expressly prohibit service by email." *See Blackbird Capital*, 2022 WL 464234, at *2; *see also See* Hague Conference on Private International Law,

4

https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=248 (last visited Nov. 6, 2024).

For these reasons, the court finds that service on Salna as requested by Plaintiff comports with the requirements for due process and is permissible service under Rule 4(f)(3). Although service of process by email comports with due process, an additional safeguard should be put in place to ensure due process. Specifically, Plaintiff must also effect service via Registered Mail to Salna's mailing address.

## CONCLUSION AND ORDER

Having considered the Motion, and for good cause appearing, IT IS HEREBY ORDERED:

(A) The Motion is GRANTED.

(B) Plaintiff shall have seven days from the date of this order to complete service on Defendants.

(C) Plaintiff may effect service of its complaint on Defendants by sending the complaint to Salna's email addresses: robertsalna@me.com; rpsalna@hotmail.com, with a "request read receipt" and "request a delivery receipt" function applied.

(D) Plaintiff may effect service of its complaint on Defendants by Registered Mail with tracking number to Salna's residential address: 11121 Yonge Street, PH. #3, Richmond Hill, Ontario L4C 0S7, Canada.

(E) A copy of this signed Order Granting Motion for Alternative Service must be served with the Summons and Complaint.

(F) Service of the summons and complaint will be complete once Plaintiff receives confirmation that the summons and complaint have been sent to Salna.

(G) Plaintiff shall file a declaration or proof of service once service is complete.

IT IS SO ORDERED.

DATED this 6 November 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah